# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>    v.<br><br>OSVALDO MENDIVIL-TAMAYO,<br><br>            Defendant. | Case No. 19-cr-02320-BAS-1<br><br>**ORDER DENYING MOTION FOR COURT ORDER (ECF No. 72)** |

On August 18, 2020, Defendant pled guilty to conspiracy to distribute and conspiracy to import over 5 kilograms of cocaine, 400 grams of fentanyl, one kilogram of heroin and 50 grams of methamphetamine. (ECF No. 37.) The Probation Officer filed a Presentence Report ("PSR"). (ECF No. 40.)

The Government filed two objections to the PSR. (ECF No. 45.) First, the Government stated that Probation's recommended enhancement for use of violence under U.S. Sentencing Guidelines § 2D1.1(b)(2) may not be appropriate because the information about a "hit" came from a confidential source and was not otherwise corroborated. (*Id*.) Second, the Government indicated that the information that Defendant owns a residential compound in Tijuana and recently purchased a $500,000 house also came from an uncorroborated confidential source, and, therefore, the Government was not

1  recommending any fine. (*Id*.)  Defendant then filed thirty factual objections to the PSR
2  including the two listed by the Government.  (ECF No. 50.)

3  In response to the objections, the Probation Department filed an Addendum Report.
4  (ECF No. 53.)  With respect to the two joint objections, first, the Probation Officer
5  amended the PSR to omit any increase under § 2D1.1(b)(2).  With respect to the second
6  Governmental objection, the Probation Officer pointed out that all the PSR said was that
7  Defendant *may* own a compound and have bought a house, and, since the Probation Officer
8  did not use this information as a basis for the fine recommendation, no change in the PSR
9  was necessary.

10  At Sentencing, the Court agreed that there were no substantiated threats of violence
11  and so ordered that the references to threats of violence in paragraphs 25, 27, and 37 be
12  stricken.  (ECF No. 723.) With respect to the objection about property in Mexico, the Court
13  sustained the factual objection that Defendant owns a residential compound in Tijuana and
14  recently purchased a $500,000 house but overruled the objection to the imposition of a fine.
15  (*Id.*) The Court imposed a $50,000 fine, finding "[i]f the Government has any access to
16  any property that Mr. Mendivil owns, they can seize that." (*Id.*)  The Court then went on
17  to rule on the additional thirty factual objections filed by the defense.  (*Id.*)

18  Defendant now files a *pro se* "Motion for Court to Order Federal Bureau of Prisons
19  With Regard to the Adoption of Defendant's Amended PSR."  (ECF No. 72.)  Defendant
20  would like to apply for the Bureau of Prison ("BOP")'s Treaty Transfer program, which he
21  says would allow him to transfer to Mexico, his "country of origin."  Defendant complains
22  that "items contained in the Defendant's PSR, which were ordered by the Court to be
23  amended, are the ones that are currently being used to determine the Defendant's eligibility
24  with regard to the Treaty Transfer program."  Thus, the Defendant wants the Court to order
25  the BOP to only consider the amended PSR and not the one issued before the Court ordered
26  amendments.

27  Facts that might affect a prisoner's eligibility for certain programs are "properly
28  resolved through administrative determination by the BOP or, if necessary, through a

habeas petition brought pursuant to 28 U.S.C. § 2241." *United States v. Saeteurn*, 504 F.3d 1175, 1180 (9th Cir. 2007). In addition, "'[f]ederal prisoners are required to exhaust their federal administrative remedies prior to bringing a [habeas petition] in federal court.'" *Jackson v. Birkholz,* No. 2:21-cv-05688-PA (SP), 2022 WL 2230464, at *4 (C.D. Cal. Mar. 8, 2022) (quoting *Martinez v. Roberts,* 804 F.2d 570, 571 (9th Cir. 1986)).

It is not completely clear from Defendant's motion if the facts he objects to the BOP using are the alleged threats of violence, ownership of a compound in Mexico, the recent purchase of a $500,000 house, or one of the other many objections filed by the defense. At any rate, any problem with his classification of eligibility for certain BOP programs should be resolved by first exhausting his administrative remedies with the BOP and then, if unsuccessful, bringing a habeas petition. There is no evidence he has exhausted his administrative remedies before bringing this Motion. Therefore, the Motion is **DENIED** without prejudice.

**IT IS SO ORDERED.**

**DATED: August 3, 2022**

Hon. Cynthia Bashant
United States District Judge